NOTE CHANGES MADE BY THE COURT.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CRYOBANKS INTERNATIONAL DERIVATIVE LITIGATION | Case No.: CV 08-07244 SJO (Cwx) <br><br> [PROPOSED] ORDER ON STIPULATION FOR ISSUANCE OF A PROTECTIVE ORDER <br><br> Honorable S. James Otero |
| PENNY MCCOY and CHANDRASHEKHAR R. JOSHI, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> ZUBAIR KAZI; KAZI FOODS, INC.; and KAZI MANAGEMENT VI, LLC; <br><br> Defendants. | |
| CRYOBANKS INTERNATIONAL, INC., <br><br> Nominal Defendant | |

Pursuant to the Stipulation of the parties filed on May 25, 2010, concerning "Confidential-Net Worth" documents and information, the court approves the

1  Stipulation and Orders that this action shall be governed by the terms of said
2  Stipulation, as amended by the court (per attachment)
3
4  Dated: May 27, 2010
5
6                                    Carla M. Woehrle
7                                    United States ~~District Judge~~/United States Magistrate Judge

Patrick M. Kelly (SB 045426)
Martin K. Deniston (SB 106737)
Sean M. Bryn (SB 173371)
WILSON, ELSER, MOSKOWITZ,
　EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
E-mails:　patrick.kelly@wilsonelser.com
　　　　　martin.deniston@wilsonelser.com
　　　　　sean.bryn@wilsonelser.com

Attorneys for Defendant
ZUBAIR KAZI

**NOTE CHANGES MADE BY THE COURT.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CRYOBANKS INTERNATIONAL DERIVATIVE LITIGATION | Case No.: CV 08-07244 SJO (Cwx) <br><br> ~~STIPULATION FOR ISSUANCE OF A~~ PROTECTIVE ORDER; [PROPOSED] ORDER THEREON <br><br> Honorable S. James Otero |
| PENNY MCCOY and CHANDRASHEKHAR R. JOSHI, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> ZUBAIR KAZI; KAZI FOODS, INC.; and KAZI MANAGEMENT VI, LLC; <br><br> Defendants. | |
| CRYOBANKS INTERNATIONAL, INC., <br><br> Nominal Defendant | |

　　Subject to the approval of this Court, the parties hereby stipulate to the following protective order.

STIPULATION FOR ISSUANCE OF A PROTECTIVE ORDER

887456.2

1. "Confidential- Net Worth" under the terms of this Stipulated Protective Order (hereinafter "Order") is information requested by Plaintiffs as to the net worth and financial condition of Defendants in a specific set of interrogatories and document request.

By designating a document, thing, material, testimony or other information derived therefrom as "Confidential- Net Worth," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g), under the above definition.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL- NET WORTH." Stamping the legend "CONFIDENTIAL- NET WORTH" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony about net worth or financial condition taken at a deposition, conference, hearing, ~~or trial~~ *or pre-trial* may be designated as confidential by *on a non-dispositive matter* making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the

1  paralegal, clerical and secretarial staff employed by such counsel), and to the
2  "qualified persons" designated below:
3      (a) experts or consultants (together with their clerical staff) retained by such
4  counsel to assist in the prosecution, defense, or settlement of this action;
5      (b) court reporter(s) employed in this action;
6      (c) a witness at any deposition or other proceeding in this action; and
7      (d) any other person as to whom the parties agree in writing or in the court's
8  presence.
9      Under no circumstances may any documents produced pursuant to this
10 Order be provided to Dwight Brunoehler, or used by Dwight Brunoehler or his
11 counsel, in any action in which Dwight Brunoehler is a party thereto.
12     Prior to receiving any Confidential Material, each "qualified person" shall be
13 provided with a copy of this Order and shall execute a nondisclosure agreement in
14 the form of Attachment "A," a copy of which shall be provided forthwith to
15 counsel for each other party and for the parties.
16     6.   Nothing herein shall impose any restrictions on the use or disclosure
17 by a party of material obtained by such party independent of discovery in this
18 action, whether or not such material is also obtained through discovery in this
19 action, or from disclosing its own Confidential Material as it deems appropriate.
20     7.   If Confidential Material, is to be included in any papers to be filed in
21 Court, the filing party shall give notice to the producing party. It is the producing
22 party's burden on being given the specified documents to *seek to* file them under seal if
23 they so wish. Compliance with Local Rule 79-5.1 is required.
24     9.   In the event that any Confidential Material is used in any court
25 proceeding in this action, it shall not lose its confidential status through such use,
26 and the party using such Confidential Material shall take all reasonable steps to
27 maintain its confidentiality during such use.
28

STIPULATION FOR ISSUANCE OF A PROTECTIVE ORDER

887456.2

10. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future applications for modification of this Order.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of

///

///

///

///

same, or shall certify the destruction thereof.

SO STIPULATED:

Dated: April 30, 2010                ROSEN & ASSOCIATES, P.C.

                                     By: _____
                                     Robert Rosen
                                     John B. Wallace
                                     Attorneys for Plaintiff Penny McCoy

Dated: 5-3, 2010                     GIRARDI & KEESE

                                     By: _____
                                     Thomas Girardi
                                     Shahram Shayesteh
                                     Attorneys for Plaintiff
                                     Chandrashekhar Joshi, MD

Dated: _____, 2010                 WILSON, ELSER, MOSKOWITZ,
                                     EDELMAN & DICKER LLP


                                     By: _____
                                     Patrick M. Kelly
                                     Martin K. Deniston
                                     Sean M. Bryn
                                     Attorneys for Defendant Zubair Kazi

same, or shall certify the destruction thereof.

SO STIPULATED:

Dated: _____, 2010                    ROSEN & ASSOCIATES. P.C.



                                        By:_____
                                        Robert Rosen
                                        John B. Wallace
                                        Attorneys for Plaintiff Penny McCoy

Dated: _____, 2010                    GIRARDI & KEESE



                                        By:_____
                                        Thomas Girardi
                                        Shahram Shayesteh
                                        Attorneys for Plaintiff
                                        Chandrashekhar Joshi, MD

Dated: 4-30, 2010                       WILSON, ELSER, MOSKOWITZ,
                                           EDELMAN & DICKER LLP



                                        By:_____
                                        Patrick M. Kelly
                                        Martin K. Deniston
                                        Sean M. Bryn
                                        Attorneys for Defendant Zubair Kazi

---

STIPULATION FOR ISSUANCE OF A PROTECTIVE ORDER

887456.2

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: May 25, 2010 | GAREEB LAW GROUP APC |
| 3 | | |
| 4 | | |
| 5 | | By: _____ |
| 6 | | Alexander Gareeb<br>Attorneys for Defendants Kazi |
| 7 | | Management VI, LLC and Kazi Foods, INC. |
| 8 | Dated: _____, 2010 | SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP |
| 9 | | |
| 10 | | By: _____ |
| 11 | | John . Levitt<br>Attorneys for Defendant Cryobanks |
| 12 | | International, Inc. |

### ORDER

~~IT IS SO ORDERED:~~

Dated: _____, 2010

_____
United States Magistrate Judge

| | |
|---|---|
| Dated: _____, 2010 | GAREEB LEGAL GROUP |
| | By: _____ |
| | Alexander Gareeb |
| | Attorneys for Defendants Kazi Management VI, LLC and Kazi Foods, INC. |
| Dated: May 17, 2010 | SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP |
| | By: _____ |
| | John Levitt |
| | Attorneys for Defendant Cryobanks International, Inc. |

**ORDER**

IT IS SO ORDERED:

Dated: _____, 2010

_____
United States Magistrate Judge

## ATTACHMENT A

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>McCoy et al. v. Kazi et al.</u>, United States District Court, Central District of California, Case No.: CV 08-07244 SJO (CWx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

_____

_____
(print name)

STIPULATION FOR ISSUANCE OF A PROTECTIVE ORDER

887456.2