Patrick M. Kelly (SB 045426)
Martin K. Deniston (SB 106737)
Sean M. Bryn (SB 173371)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Telephone:(213) 443-5100
Facsimile: (213) 443-5101
E-mails:    patrick.kelly@wilsonelser.com
            martin.deniston@wilsonelser.com
            sean.bryn@wilsonelser.com

Attorneys for Defendant
ZUBAIR KAZI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CRYOBANKS INTERNATIONAL DERIVATIVE LITIGATION | Case No.: CV 08-07244 SJO (Cwx)<br>Judge: Hon. S. James Otero |
| PENNY MCCOY and CHANDRASHEKHAR R. JOSHI, M.D.,<br><br>                          Plaintiff,<br><br>vs.<br><br>ZUBAIR KAZI; KAZI FOODS, INC.; KAZI MANAGEMENT VI, LLC;<br><br>                          Defendants. | **DEFENDANT ZUBAIR KAZI'S NOTICE OF MOTION AND MOTION TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT CONCERNING ANY ALLEGED EXTRA-MARITAL AFFAIRS ENGAGED IN BY DEFENDANT**<br><br>[FRE 402, 403 and 404]<br><br>MOTION IN LIMINE NO. 1 |
| CRYOBANKS INTERNATIONAL, INC.,<br><br>                          Nominal Defendant | Accompanying Documents<br>• Declaration Of Sean M. Bryn<br>• [Proposed] Order<br><br>Date:  August 10, 2010 [First Day of Trial]<br>Time:  9:00 a.m.<br>Room:  1<br>Judge: Hon. S. James Otero |

1

# TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on August 10, 2010, at 9:00 a.m. [first day of trial], before the Honorable S. James Otero, Judge of the United States District Court, in Courtroom 1 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, 90012, Defendant Zubair Kazi ("Kazi") will and hereby does move *in limine* to preclude the introduction of evidence, testimony, and/or argument in the presence of the jury concerning any and all allegations that Mr. Kazi engaged in any extra-marital affairs and/or conceived any children out of wed-lock.

This motion is brought pursuant to Rules 402, 403 and 404 of the Federal *Rules of Evidence* ("*F.R.E.*") and prevailing case law, on the grounds that testimony, evidence, or argument concerning any alleged extra-marital affairs that Mr. Kazi engaged in, or Mr. Kazi's purported fathering of children out of wed-lock is not relevant, is woefully prejudicial, is a needless waste of time, confuses the relevant issues, and is improper character evidence. Thus, such evidence is inadmissible and is not appropriate to raise at trial.

This Motion is based upon this notice, the accompanying memorandum of points and authorities, the accompanying declaration of Sean M. Bryn with the exhibits attached thereto ("Bryn Dec."), upon all the pleadings and papers that are on file in this action, and all oral and documentary evidence that may be presented at the time of the hearing on this motion.

///
///
///
///
///
///
///

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on June 25, 2010. (Bryn Dec. at ¶3.)

Dated: July 6, 2010

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: *[signature]*
Patrick M. Kelly
Martin K. Deniston
Sean M. Bryn
Attorneys for Defendant ZUBAIR KAZI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The present action is a shareholder derivative lawsuit arising from monies that were invested in Cyrobanks International, Inc. ("Cyrobanks"), a corporation that obtains, processes, and stores cord blood stem cells for potential private and public biotechnical and medical use. . Defendant Zubair Kazi ("Kazi") is the principal of Defendant Kazi Management VI, LLC ("KMVI"). KMVI is the majority shareholder of Cyrobanks. Cryobanks' viability as a company was always in question, predating the alleged wrongful conduct of Defendant Zubair Kazi ("Kazi"). Mr. Kazi did not become involved with Cryobanks until approximately late 1999. Thereafter, despite Defendants Zubair Kazi and later, Defendant investing several million dollars, including making loans to Cryobanks, and being the financial life-support for Cryobanks, Plaintiffs allege that Mr. Kazi acted improperly. Indeed, Plaintiff Joshi testified that he believed that Mr. Kazi had to do anything and everything to make sure that Cryobanks succeeded.

Rather than focus on the relevant issues, Kazi anticipates that at the time of trial, Plaintiff Penny McCoy ("McCoy") and/or Plaintiff Dr. Chandrasekhar Joshi ("Joshi")[1] may improperly attempt to introduce at trial evidence, testimony, or argument concerning any alleged extra-marital affairs that Kazi engaged in, and/or allegations of Kazi's purported fathering of children out of wed-lock. These issues were raised both affirmatively by Plaintiff Joshi at his deposition, and by testimony elicited from Kazi at deposition by Plaintiff McCoy's counsel. (See Exhibits 1 & 2 to Declaration of Sean M. Bryn filed concurrently herewith ["Bryn Dec."].) Such evidence is completely irrelevant, is woefully prejudicial, and is inadmissible character evidence. Moreover, it is highly speculative. Plaintiffs have failed to

---

[1] Sometimes herein McCoy and Joshi are collectively referred to as "Plaintiffs."

DEFENDANT ZUBAIR KAZI'S MOTION IN LIMINE NUMBER 1

922735.1

produce any competent evidence to support their erroneous and outlandish arguments concerning these contentions about Mr. Kazi. Thus, not only is it error to allow Plaintiffs to even suggest such allegations at trial, it is especially troubling given the fact that Plaintiffs have no credible evidence to substantiate their position. It is nothing but an improper attempt to prejudice the jury against Kazi.

Accordingly, any testimony, documents, evidence or argument on these issues are improper, an unnecessary undue consumption of time, are unduly prejudicial, and are irrelevant to the issues in this case. As such, the evidence violates Federal *Rules of Evidence* 402, 403 and 404, not to mention all notions of due process and decorum. It should therefore be precluded.

## II.  STATEMENT OF THE RELEVANT FACTS

The present action involves shareholder derivative claims by two separate Plaintiffs, Penny McCoy and Dr. Chandrasekhar Joshi. Both McCoy and Joshi are suing Defendant Zubair Kazi in a representative capacity. Joshi is also suing individually. Plaintiffs contend that Mr. Kazi purportedly mismanaged Cyrobanks, resulting in the shareholders losing money. Cyrobanks is a corporation that obtains, processes, and stores cord blood stem cells for potential private and public biotechnical and medical use. Cryobanks' viability as a company was always in question, predating the alleged wrongful conduct of Defendant Zubair Kazi ("Kazi"). Mr. Kazi did not become involved with Cryobanks until approximately late 1999. Thereafter, despite Defendants Zubair Kazi and later, Defendant investing several million dollars, including making loans to Cryobanks, and being the financial life-support for Cryobanks, Plaintiffs allege that Mr. Kazi acted improperly.

During the discovery process in this matter, Plaintiffs provided through the deposition of Plaintiff Joshi, and attempted to elicit from Kazi, testimony that Kazi allegedly engaged in multiple extra-marital affairs, was purportedly cheating on his wife, had "girls" arranged for him while in India, and that Kazi allegedly fathered

children through these extra-marital affairs. (The pertinent pages from Joshi's Deposition transcript are collectively attached as Ex. 1 to Bryn Dec.; the pertinent pages from Kazi's Deposition transcript are collectively attached as Ex. 2 to Bryn Dec.) When asked what effect Mr. Kazi's alleged affairs had on the present lawsuit, Dr. Joshi responded:

> "Well, I think he [Kazi] never paid attention to the company as much as he should have, and that house was in constant turmoil."
> (Joshi Dep., 122:23- 123:2, Ex. 1 to Bryn Dec.)

Kazi anticipates that at the time of trial, Plaintiffs might improperly attempt to introduce evidence or argument concerning their unfounded claims that Kazi engaged in extra-marital affairs. Kazi submits that the presentation of such evidence is woefully improper, and therefore seeks an Order precluding Plaintiffs from seeking to introduce such evidence or argument at trial.

III. **GIVEN THAT TESTIMONY, ARGUMENT, AND EVIDENCE OF ANY ALLEGED EXTRA-MARITAL AFFAIRS BY KAZI HAS NOTHING TO DO WITH THE PRESENT CASE, AND WILL DETRIMENTALLY PREJUDICE KAZI, THEY SHOULD NOT BE INTRODUCED AT TRIAL.**

 A. **Because this Motion *in Limine* Advances the Principles of Judicial Economy and Efficiency, it Should be Granted.**

It is well-settled that motions *in limine* allow parties to obtain advance rulings on the admissibility of evidence at trial, allowing them to take those rulings in context in trial planning. Handling evidentiary issues prior to trial also allows for more thorough consideration of the issues, promoting trial efficiency. *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 260 (3d Cir. 1983). *In limine* motions allow the court to determine in advance the relevance of evidence to material issues in the case. *Associated Press v. District Court for the Fifth Judicial District*, 542 U.S. 1301, 1303, 125 S. Ct. 1, 2 (2004). Motions *in limine* help with the advance planning of trial, both for the parties and for the court.

*United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979). Hence, granting the present motion is not only proper from a substantive perspective, it will also procedurally benefit the court, the parties, and the jury.

**B.    Evidence or Argument Concerning Kazi's Alleged Extra-Marital Affairs is Irrelevant and Inadmissible Character Evidence, Which Should be Excluded From Introduction at Trial.**

It is well-settled that only relevant evidence is admissible at trial. Rule 402 of the Federal *Rules of Evidence* ("*F.R.E.*") The definition of relevant evidence is codified in *F.R.E.* 401, which provides:

> "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Here, there is simply no relevance to Plaintiffs' alleged and unsubstantiated contentions that Mr. Kazi purportedly engaged in extra-marital affairs and/or fathered any children out of wed-lock. There is not even a remote connection between these outlandish contentions and Plaintiffs' shareholder derivate claims against Mr. Kazi.

Moreover, as a general matter, evidence of other wrongs or acts is not admissible in a civil action to prove the character of a person in order to show action in conformity therewith. *F.R.E.* 404. Thus, Plaintiffs cannot use evidence that Kazi purportedly had extramarital affairs and/or fathered children out of wed-lock to prove that Kazi allegedly mismanaged Cyrobanks. The evidence also has no bearing on Kazi's truthfulness (see *F.R.E.* 608(b).) At most, it would simply be introduced by Plaintiffs to portray Kazi as a "bad person" and therefore unworthy of belief—efforts which are completely inappropriate and should be rejected by the Court outright.

### C. Evidence of Kazi's Alleged Extra-Marital Affairs Is Woefully Prejudicial and Violates *F.R.E.* 403.

Federal *Rule of Evidence* 403 states:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

There is no justifiable (or imaginable) basis to admit any evidence or testimony concerning any purported extra-marital affairs that Mr. Kazi allegedly engaged in, or his claimed fathering of children out of wed-lock. As discussed above, the present case is a shareholder derivative action, the gravamen of which is Plaintiffs' contentions that Kazi mismanaged the business of Cyrobanks resulting in Plaintiffs losing money that they invested into Cyrobanks. Not only does Kazi dispute the merits of Plaintiffs' allegations that he purportedly had extra-marital affairs, there is simply no reason to allow the introduction of evidence concerning Plaintiffs' unsubstantiated claims about Kazi's personal business. Such evidence nothing to do with any of the facts of this case.

Conversely, the evidence is woefully prejudicial. It is indisputable that extra-marital affairs and parenting children as a result of extra-marital affairs have adverse stigmas associated with them. Allowing the jury to hear such evidence might cause them to dislike Kazi and rule against him merely because of the jury's disdain. There is also a grave risk that this evidence might mislead and/or confuse the jury, and it will lengthen the trial because Kazi will be required to defend against the Plaintiffs' allegations. This means that Kazi will have to call additional witnesses and introduce other additional evidence, including possibly extra documents, to refute Plaintiffs' contentions.

Moreover, and significantly, allowing Plaintiffs to introduce evidence about their unsubstantiated contentions concerning Kazi's alleged affairs is misleading and confusing for the jury. Allowing Plaintiffs to engage in speculation and conjecture, at best, and to make highly prejudicial claims at worst, is woefully improper. Such behavior should not be condoned.

Indeed, these risks greatly outweigh any possible probative value that such evidence might have. While Kazi submits that there is no truth and no probative value whatsoever to the evidence, and that the evidence is irrelevant, the single explanation provided by Plaintiffs is through Joshi's deposition testimony: that the purported extra-marital affairs distracted Kazi from his management and dealings with Cyrobanks. (Joshi Dep., 122:23- 123:2, Ex. 1 to Bryn Dec.) To the extent that Plaintiffs wish to advance a theory at trial that Kazi did not pay sufficient attention to the business of Cyrobanks, they can certainly do so through means other than contending that Kazi had extra-marital affairs. Any probative value that Plaintiffs might obtain from evidence of the affair is greatly outweighed by the danger of unfair prejudice, of misleading the jury, of confusing the issues, and of unnecessarily lengthening the trial. Thus, the evidence should be excluded.

## IV. ALTERNATIVELY, IF THIS MOTION IS DENIED, NO REFERENCE TO THE SUBJECT MATTER SHOULD BE PERMITTED UNTIL THE COURT, PURSUANT TO FRE 104, DETERMINES THAT AN ADEQUATE FOUNDATION EXISTS FOR THE EVIDENCE.

The admissibility of evidence of Kazi's alleged extra-marital affair and/or parenting a child out of wed-lock depends on (1) whether the party introducing the evidence is a qualified witness and (2) whether an adequate or factual and legal foundation exists to support the testimony. If not, the evidence is irrelevant and should be excluded. In the alternative, Kazi requests that no reference to this subject matter should be made to the jury unless, and/or until, the court determines

pursuant to *F.R.E.* 104 that there is a proper foundation for the evidence to be admissible at trial. Additionally, should the court allow evidence of Kazi's alleged affair and/or fathering of a child as a result of the affair to be introduced into evidence at trial, Kazi requests that an instruction be provided to the jury limiting the application and use of the evidence.

## V. CONCLUSION

Based on the foregoing, Defendant Zubair Kazi respectfully requests that the court exclude any testimony, evidence, or argument concerning Kazi's alleged extra-marital affair and Kazi's alleged fathering of children as a result of the affair.

Respectfully submitted,

Dated: July 2, 2010

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Patrick M. Kelly
Martin K. Deniston
Sean M. Bryn
Attorneys for Defendant ZUBAIR KAZI